IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VITAMINS ONLINE, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC INDUSTRIES, a Nevada limited liability company *dba* DYNAMIC NUTRITION, CHRISTOPHER WILSON, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br><br>Case No. 2:13-CV-665 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff markets and sells vitamins, dietary, and nutritional supplements over the Internet. Defendant Dynamic Industries, doing business as Dynamic Nutrition, also sells supplements over the Internet, particularly amazon.com. Defendant Christopher Wilson is a member of Dynamic Industries. Plaintiff alleges that Defendants have made false statements in the advertisement and sale of their products. Plaintiff brings claims for violation of the Lanham Act and unfair competition under common law.

1

## II. PERSONAL JURISDICTION STANDARD

Plaintiff carries the burden of establishing personal jurisdiction over Defendants.[1] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[2] "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[3] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[4]

"It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[5] To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[6]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction. For general jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[7] When the "defendant has

---

[1] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[2] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[3] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[4] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[5] *Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003).

[6] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[7] *Soma*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120,

'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[8] In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[9]

## III. DISCUSSION

Plaintiff does not contend that the Court has general jurisdiction over Defendants. Therefore, the Court will focus its analysis on specific jurisdiction. Plaintiff asserts that the Court has jurisdiction because: (1) Defendants advertise their products on the Internet, including on amazon.com, (2) Defendants have sold and shipped products to Utah customers; and (3) Defendants have received revenue from Utah consumers.

"Establishing jurisdiction through the Internet, or more specifically through a website, has been analyzed by some courts under a framework of three general categories lying along a sliding scale."[10] On one end of the scale is where a defendant clearly does business over the Internet, such as entering into contracts which require the knowing and repeated transmission of files over the Internet.[11] Jurisdiction is proper in those cases.[12] On the other end of the scale are passive web sites that do little more than make information available to those who are

---

1122 (Utah 1992)).

[8] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

[9] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[10] *Xactware, Inc. v. Symbility Solution Inc.*, 402 F. Supp. 2d 1359, 1363 (D. Utah 2005) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123–24 (W.D. Pa. 1997)).

[11] *Zippo*, 952 F. Supp. 2d. at 1123–24.

[12] *Id.*

interested.[13] Exercising jurisdiction in these cases is inappropriate.[14] A middle category encompasses interactive web sites where a user can exchange information with the host computer.[15] In this category, whether jurisdiction is appropriate depends on the nature and level of interactivity.[16]

The Tenth Circuit "has not taken a definitive position on the *Zippo* sliding scale test" and has noted that courts employing this test "tend to employ it more as a heuristic adjunct to, rather than a substitute for, traditional jurisdictional analysis."[17] As set forth above, traditional jurisdictional analysis requires that a defendant purposefully direct its activities at residents of the forum state before the exercise of jurisdiction is permitted. Thus, the mere fact that a defendant operates an interactive website may not be sufficient to establish jurisdiction.

Plaintiff argues that Defendants' marketing and sales of products on amazon.com "constitute maintaining a 'highly interactive, commercial website' and satisfies the minimum contacts prong of the analysis."[18] The problem with this argument is that Defendants do not maintain amazon.com, they merely offer their products for sale on that website.

Plaintiff argues that "[t]his is a difference without a distinction."[19] In support of its argument, Plaintiff points the Court to *Del Sol, L.C. v. Caribongo, L.L.C.*[20] However, the facts

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Shrader v. Biddinger*, 633 F.3d 1235, 1242 n.5 (10th Cir. 2011).
[18] Docket No. 19, at 7.
[19] *Id.*
[20] 2012 WL 530093 (D. Utah Feb. 17, 2012).

of *Del Sol* are clearly distinguishable from the case before the Court. In *Del Sol*, the defendant operated a website that allowed potential purchasers to click on a button entitled "Retail."[21] When a customer clicked on that button, they were redirected to a different website owned by a different company.[22] But "it [was] not readily apparent to the potential purchaser that he or she [had] been sent to another company's website. There [was] no notification given that the user is being transferred to an external website."[23] Once on the new website, the potential purchaser could purchase the defendant's products and have them shipped to any state.

The defendant in *Del Sol* argued, in part, that the Court could not exercise jurisdiction because the website allowing purchases belongs to another company. The Court rejected this argument. The Court noted that the defendant "purposefully set up a website providing for a high level of interactivity, which encourages customers to access its website to purchase products. Even though the ordering process is accomplished through a distributor, [the defendant] receives economic benefit from the sales and the sales appear to the user to be coming directly from [the defendant]."[24]

In this case, there is no evidence that Defendants have established a website, let alone a website that would allow customers to easily purchase Defendants' products from that site. Rather, all that is shown is that Defendants advertise and offer their products on amazon.com. While the Court would certainly have jurisdiction over amazon.com, the same cannot be said for Defendants. If Plaintiff's argument were to be accepted, anyone who sold a product over the

---

[21] *Id.* at *1.
[22] *Id.*
[23] *Id.*
[24] *Id.* at *4.

internet would be subject to jurisdiction anywhere that product may have been advertised or purchased. Such a result would essentially eliminate the concept of personal jurisdiction.

Further, even if Defendants' actions could be construed as operating an interactive website, within this district "courts have looked to find 'something more' that creates actual acts directed at the forum state other than the mere existence of an interactive website."[25] Indeed, courts have warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"[26] Thus, "[b]eyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."[27]

Plaintiff alleges that Defendants have sold products to customers in Utah. However, Plaintiff has failed to provide any data concerning the quantity and quality of these sales. Further, there is no evidence that Defendants directed advertising or sales solicitations at Utah residents and nothing on amazon.com specifically targets Utah residents. The Court has rejected a finding of personal jurisdiction in similar circumstances.[28]

---

[25] *Xactware, Inc.*, 402 F. Supp. 2d at 1364.

[26] *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 760 (7th Cir. 2010).

[27] *be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) ("[T]there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.").

[28] *Alphagen Biotech v. Langoost Enters., LLC*, 2013 WL 2389792, at *4 (D. Utah May 30, 2013); *SIBU, LLC v. Bubbles, Inc.*, 2011 WL 6028835, at *3 (D. Utah Dec. 5, 2011).

Plaintiff ultimately bears the burden of proof to establish personal jurisdiction.  Plaintiff has failed to provide any evidence that Defendants purposefully directed their conduct at Utah consumers.  Without such information the Court cannot find that Defendants, who merely advertise and offer their products for sale on a third-party site, have sufficient minimum contacts to establish personal jurisdiction.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 11) is GRANTED.

The hearing set for February 20, 2014, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

DATED this 10th day of February, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge